**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DAVID RAYFORD SR., | ) | NO. ED CV 08-1051 JSL (FMO) |
| Petitioner, | ) | |
| v. | ) | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| LARRY SMALL, Warden, | ) | |
| Respondent. | ) | |

**INTRODUCTION**

On August 5, 2008, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On August 29, 2008, petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP"). On December 3, 2008, respondent filed an Answer to the FAP. Petitioner did not file a reply.

On February 24, 2009, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the FAP be denied and the action dismissed with prejudice. (R&R at 2 & 23). Thereafter, on April 6, 2009, petitioner filed an untitled document, which the Court construes as petitioner's Objections to the R&R ("Objections").

///

///

**DISCUSSION**

In his Objections, petitioner appears to assert that the trial court improperly enhanced his sentence pursuant to California Penal Code §§ 667.5 and 667.6(c). (Objections at 1-4).[1] On the first page of his Objections, petitioner simply quotes subdivisions (a) and (b) of California Penal Code § 667.5. (Id. at 1). On the third page, petitioner argues that "[a] decision to sentence under Cal[.] Penal Code 667.6(c) is an additional sentence choice which requires [a] statement of reason separate from those justifying the decision merely to sentence consecutively." (Id. at 3).

As an initial matter, the Court notes that petitioner's Objections raise new arguments that were never presented to the Magistrate Judge. (Compare Objections at 1-4 with FAP at 8C). "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001); accord Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002). A district court "also has the discretion to decline to consider arguments presented for the first time in a party's objections to a Magistrate Judge's Findings and Recommendation." Aleck v. United States, 2005 WL 2709502, at *1 (D. Or. 2005) (citing Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004)). "[S]uch discretion has been exercised in this regard, especially when declining to address a new argument first raised in the objections." Id. (citing Howell, 231 F.3d at 621-22).

Here, the new arguments raised by petitioner were available to him at the time he filed his FAP. Petitioner offers no explanation for his failure to raise the argument earlier. (See, generally, Objections at 1-4). Under the circumstances, the Court will exercise its discretion and decline to consider the new arguments petitioner asserts in his Objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005); see also Howell, 231 F.3d at 622 ("To require a

---

[1] The Court hereby refers to the front of the first page as page 1, the back of the first page as page 2, the front of the second page as page 3, and the back of the second page as page 4.

district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.").

In any event, even assuming, arguendo, that petitioner properly raised the new arguments set forth in his Objections, the FAP must still be denied. California Penal Code § 667.5 provides sentencing enhancements for a defendant's prior prison term. Similarly, California Penal Code § 667.6(c) provides a sentencing enhancement for a defendant's prior sex offense. However, the trial court did not sentence petitioner pursuant to either § 667.5 or § 667.6(c). Instead, as explained by the Magistrate Judge, the trial court enhanced petitioner's sentence, pursuant to California Penal Code § 667(a), because of his prior "strike" conviction. (See R&R at 22; Reporter's Transcript at 989-90; Clerk's Transcript at 253).

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the FAP, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: April 13, 2009.

*/s/ Spencer Letts*
_____
J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE